UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BRYAN LONEGAN, et al.,

                Plaintiffs,        **ORDER**

   - v -

                                          CV-04-2743 (NG)(VVP)

DENNIS HASTY, et al.,

                Defendants.
----------------------------------------------------------x

        The defendant David Rardin has moved to compel the New York State Defenders Association ("NYSDA") to comply with a subpoena duces tecum served on it seeking documents relating to issues raised in this action.[1] In response to the subpoena, NYSDA has advised the defendant that the only responsive items in its possession are e-mails sent or received by Marianne Yang, a former employee of NYSDA and a former plaintiff in this action.[2] In addition, NYSDA has advised the defendant that, as Ms. Yang has asserted that the e-mails contain privileged information, NYSDA is unwilling to produce the documents.

        Rardin questions the assertion of privilege on various grounds. He argues first that any applicable privilege was waived by NYSDA's failure to serve a privilege log as required by the Federal Rules of Civil Procedure and this court's local civil rules. He argues further that Ms. Yang's use of her employer's e-mail facilities to convey the communications constituted a waiver of any privilege because the confidentiality of the communications was not protected. Finally, he questions whether the assertion of privilege can be maintained at all with respect to any e-mails strictly between Ms. Yang and her former co-plaintiffs, unless made at the direction of counsel.

        It is of course true that a party asserting a privilege has the obligation to prepare a privilege log that provides sufficient information to permit adverse parties to evaluate whether the privilege is properly asserted. *E.g., United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). Although NYSDA failed to serve a privilege log, it is merely a stakeholder in this matter, acting at the instruction of Ms. Yang. The preparation of such a log would involve review of the e-mails and thus intrude on the very privilege it is simply seeking to

---

[1]The defendant Jon Osteen has served a similar subpoena and has joined this motion.

[2]By stipulation filed on January 26, 2007, Ms. Yang's claims have now been dismissed.

protect. NYSDA therefore cannot be faulted for this failure. Nor should Ms. Yang suffer from NYSDA's failure to meet that obligation.

The question concerning the preparation of the privilege log would be entirely moot of course if the court were to hold that the use of Ms. Yang's employer's e-mail facilities constituted a waiver of any applicable privilege. Although there is authority for that proposition, the inquiry concerning the issue is fact-sensitive, and the present record is not sufficient to permit the court to make such a determination. *See, e.g., In re Asia Global Crossing*, 322 B.R. 247, 257-59 & nn. 7-9 (S.D.N.Y 2005); *Thygeson v. U.S. Bancorp*, No. CV-03-467-ST, 2004 WL 2066746 (D. Or. Sept. 15, 2004). Accordingly, the court declines to hold at this point that a waiver has occurred.

The movants are nevertheless entitled to obtain a privilege log, and as Ms. Yang is the person asserting the privilege, the burden of providing such a log properly falls on her. It appears, however, that the e-mails in question remain in the possession of NYSDA. Thus, in order to permit Ms. Yang to prepare a privilege log, NYSDA is directed to provide copies of the e-mails in question to Ms. Yang within five days. Ms. Yang thereafter shall prepare and serve a privilege log within five days. Questions concerning the applicability and waiver of any asserted privileges may then be raised with the court.

Counsel for Rardin shall provide notice of this decision to NYSDA forthwith.

                                                     **SO ORDERED:**
                                                     *Viktor V. Pohorelsky*
                                                     VIKTOR V. POHORELSKY
                                                     United States Magistrate Judge

Dated:        Brooklyn, New York
                February 5, 2007